UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE ELRIDGE TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN BRANDON PRICE,<br><br>Defendant. | Case No. 21-05237 BLF (PR)<br><br>**ORDER OF DISMISSAL; DENYING MOTION AS MOOT**<br><br><br><br>(Docket No. 3) |

Plaintiff, a civil detainee, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against Warden Brandon Price of Coalinga State Hospital, where Plaintiff is currently committed under the Sexually Violent Predator Act.[1]  Dkt. No. 1 at 4. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] This matter was reassigned to this Court on July 9, 2021.  Dkt. Nos. 5, 6.

governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.  Plaintiff's Claims

Plaintiff states that he is currently confined at the "Coalinga State SVP Hospital for SVP Men."  Dkt. No. 1 at 1.  He filed the instant action "[t]o prevent arbitrary deprivation in any event, the question of which due process requirements apply is one of federal law, not California law."  *Id.* at 2.  Plaintiff wants the Warden to "drop the [SVP] petition for lack of substantial evidence" and wants to know why he has not been released from "prison custody" since July 2, 1986.  Dkt. No. 1 at 3.

States may enact statutes that provide for the "forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety."  *Kansas v. Hendricks*, 521 U.S. 346, 357 (1997).  California's Sexually Violent Predator Act (SVPA), is codified at California Welfare & Institutions Code §§ 6600-6609.3.  In *Hydrick v. Hunter*, 500 F.3d 978, 983 (9th Cir. 2007) ("*Hydrick I*"), *rev'd on other grounds*, 129 S. Ct. 2431 (2009), *op. after remand*, *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012) ("*Hydrick II*"), the Ninth Circuit summarized how the SVPA works.[2]

---

[2] The Supreme Court reversed and remanded *Hydrick* in light of its decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which it held that under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and

2

The SVPA defines a sexually violent predator (SVP) as a person "convicted of a sexually violent offense against two or more victims for which he or she received a determinate sentence and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others" that is, is "likely [to] engage in sexually violent criminal behavior." *Hydrick I*, 500 F.3d at 983 (citing Cal. Welf. & Inst. Code § 6600(a)).

Each year, an SVP has a right to a show cause hearing to determine whether his commitment should be continued. *Id.* at 984. (citing § 6605(a)-(b)). If it is found that the SVP continues to be a danger to the health or safety of the community, the person is committed for two years from the date of the finding. *Id.* (citing § 6605(e)). These successive periods of commitment can be continued indefinitely, or until the SVP completes all five phases of treatment. *Id.* at 983-84 (citing §§ 6602-6604). Upon successful completion of Phase Five, the SVP is conditionally released under the supervision of the California Mental Health Department. *Id.*

Here, Plaintiff is clearly challenging his continual civil commitment under the SVPA. However, a § 1983 action is not the appropriate avenue for such a challenge. The constitutionality of state civil commitment proceedings may be challenged in federal habeas corpus once state remedies have been exhausted. *See Nelson v. Sandritter*, 351 F.2d 284, 285 (9th Cir. 1965). Furthermore, although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, this action should be dismissed without prejudice to Plaintiff's refiling as a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

---

non-discriminatory explanations. *Id.* at 682.

In addition, the preferable forum for such a habeas petition is in the district of confinement. *See* Habeas L.R. 2254-3(b)(2); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). Plaintiff is currently committed to Coalinga State Hospital in Fresno County. Fresno County is within the jurisdiction of the Eastern District of California. 28 U.S.C. § 84(b). Accordingly, Petitioner should file a habeas action challenging his indefinite commitment in the Eastern District.

## CONCLUSION

For the reasons set forth above, this action is **DISMISSED** without prejudice. Plaintiff's motion for a "speedy trial," Dkt. No. 3, is **DENIED** as moot. Plaintiff may file a federal habeas petition challenging his continual civil commitment in the Eastern District of California, provided he has also exhausted his state court remedies before doing so. *See* 28 U.S.C. § 84(b); *Nelson*, 351 F.2d at 285.

This order terminates Docket No. 3.

**IT IS SO ORDERED.**

Dated:  __August 26, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order of Dism.; Denying Mot. as Moot
PRO-SE\BLF\CR.21\05237Taylor_dism(cr-hc)

4